OPINION
Defendant-appellant, Danny J. Marker, Jr., appeals the decision of the Hancock County Court of Common Pleas adjudicating him to be a sexual predator pursuant to the provisions of R.C. Chapter 2950.
The pertinent facts and procedural history are as follows. On January 23, 2001, the Hancock County Sheriff's Department received a report that the appellant had performed oral sex on a fourteen-year-old boy. The victim reported that he had fallen asleep in the appellant's apartment and awoke to find the appellant performing oral sex on him. The offense was reported by the victim to a neighbor, who called the police on his behalf.
In February 2002, the appellant was indicted by the Hancock County Grand Jury on one count of Unlawful Sexual Conduct with a Minor, a felony of the third degree in violation of R.C. 2907.04(A). A motion challenging the appellant's competency was filed with the trial court on March 6, 2001. Following an evaluation at the Court Diagnostic and Treatment Center, a hearing was held and the appellant was found competent to stand trial. On October 15, 2001, the appellant pled guilty to the lesser included offense of Unlawful Sexual Conduct with a Minor, a felony of the fourth degree. The trial court accepted the appellant's plea and ordered that the appellant be evaluated for purposes of sex offender classification pursuant to R.C. 2950 and 2951.03.
Pursuant to the court order, the appellant was again seen at the Court Diagnostic and Treatment Center by Timothy F. Wynkoop, Ph.D., a consulting neuropsychologist. Dr. Wynkoop recommended that the court should consider classifying the appellant as a sexual predator.
On April 3, 2002, the trial court held a sentencing and sexual offender classification hearing. At the conclusion of the hearing, the trial court found the appellant to be a sexual predator after consideration of the factors contained in R.C. 2950.09(B)(2).
The appellant now appeals asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR
"The trial court committed prejudicial error in determining that defendant was a sexual predator when the plaintiff did not establish by clear and convincing evidence that he is likely to commit another sexually oriented offense in the future, in that such finding was contrary to the manifest weight of the evidence."
Through his sole assignment of error, the appellant challenges his classification as a sexual predator. R.C. 2950.01(E) defines the term "sexual predator" as follows: "[A] person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."
R.C. 2950.09(B)(2), which sets forth the factors that a trial court should consider when determining an offender's status as a sexual predator, reads as follows: "In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense * * *;
 "(d) Whether the sexually oriented offense * * * involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
After reviewing all of the testimony, evidence, and the factors listed in R.C. 2950.09(B)(2), the court "shall determine by clear and convincing evidence whether the offender is a sexual predator."[1] Thus, there must be sufficient evidence, as a matter of law, for the trial court to find by clear and convincing evidence that the appellant is a sexual predator. The standard of clear and convincing evidence is "that measure or degree of proof which is more than a mere `preponderance of the evidence', but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.[2]
In the present case, it is undisputed that the appellant pled guilty to and was convicted of one count of Unlawful Sexual Conduct with a Minor, an offense which qualifies as a "sexually oriented offense" under R.C.2950.01(D)(2)(a). Therefore, the critical issue in the appellant's sexual predator hearing was whether he was "likely to engage in the future in one or more sexually oriented offenses." A review of the record reveals that the trial court considered all of the evidence and all of the relevant factors specified in R.C. 2950.09(B)(2) when it determined that the appellant is a sexual predator.
The appellant asserts that the facts of this case clearly establish that the appellant should not have been classified as a sexual predator by the court. The appellant contends that the trial court gave too much weight to the three diagnostic reports of Dr. Wynkoop. However, no professional spent more time with the appellant than Dr. Wynkoop, who met with the appellant on four occasions over a six month period. The record demonstrates that the trial court also considered the appellant's pre-sentence investigation report, which detailed the appellant's educational background, criminal record, family upbringing, and other relevant information.
Turning now to the factors in R.C. 2950.09(B)(2), it is apparent that there was a twenty-one year discrepancy between the appellant and his victim. At the time of the offense, the appellant was 35 years of age and the victim was 14. The record reflects that the offense was the appellant's first sexually oriented offense and that the only prior convictions on his record are traffic offenses, contributing to the delinquency of a minor, and furnishing beer to a minor.[3] In light of the current offense, the age discrepancy, and the appellant's documented attraction to adolescent boys, the trial court, appropriately, took significant consideration of the latter offenses. These earlier crimes, as the trial court found, indicate that the appellant "has an ongoing * * * inappropriate and unhealthy * * * association with juveniles."
In the appellant's favor, there was only one victim of the offense, not multiple, and there was also no evidence that alcohol or drugs were used to impair the victim.[4] There was also no evidence of the use or threat of cruelty.[5] Yet, as the court noted, the offense took place when the victim was asleep and not readily able to fend off the appellant. The trial court also found that the appellant had not obtained counseling and did not appear genuinely remorseful for his actions.
Commenting on the lack of counseling, the trial court found that there may be some justification for the failure to secure counseling given the appellant's hearing-loss, communication difficulties, and borderline intelligence. Seizing upon this point, the appellant asserts that although he was thirty-five years of age at the time of the offense, his maturity level places him at the same age as the victim. The appellant has failed to cite any case law in support of the proposition that mental age is to be used as a determining factor rather than physical age. Nor are we inclined to find that "the offender's age," as read in R.C.2950.09(B)(2)(a), refers to mental age. Were we to make an offender's mental faculties determinative of a person's age there would be a mad dash by sexual offenders to portray themselves as immature and lacking intellect. Thus, this argument is without merit.
After a review of the record and relevant factors contained in R.C.2950.09(B)(2), we find that the trial court had adequate evidence before it from which to determine by clear and convincing evidence that the appellant is a sexual predator. Accordingly, the appellant's assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
SHAW, P.J., and WALTERS, J., concur.
[1] R.C. 2950.09(B)(3).
[2] State v. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v.Ledford (1954), 161 Ohio St. 469.
[3] 2950.09(B)(2)(f).
[4] 2950.09(B)(2)(d) (e).
[5] 2950.09(B)(2)(i).